**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| GENERAL ACCESS SOLUTIONS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 2:22-cv-394-JRG |
| | § | |
| VERIZON COMMUNICATIONS, INC., ET AL., | § | **JURY TRIAL DEMANDED** |
| | § | |
| | § | |
| Defendants, | § | |
| | § | |
| ERICSSON INC. | § | |
| | § | |
| Movants-Intervenors. | § | |
| | § | |
| | § | |

**MOVANT-INTERVENOR ERICSSON'S
UNOPPOSED MOTION FOR LEAVE TO INTERVENE**

## <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION ................................................................................................................ 1

II.     STATEMENT OF FACTS ................................................................................................. 2

III.    ARGUMENT ...................................................................................................................... 3

      A.      Mandatory Intervention ........................................................................................... 4

      B.      Permissive Intervention ........................................................................................... 6

IV.     CONCLUSION ................................................................................................................... 7

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**CASES**

*Chandler & Price Co. v. Brandtjen & Kluge, Inc.*,
  296 U.S. 53 (1935)....................................................................................................2

*Edwards v. City of Houston*,
  78 F.3d 983 (5th Cir. 1996) (en banc) ......................................................................4

*Ericsson Inc. v. D-Link Sys., Inc.*,
  No. 6:10-cv-473 (E.D. Tex. May 4, 2012)............................................................4, 5

*Heaton v. Monogram Credit Card Bank*,
  297 F.3d 416 (5th Cir. 2002) ....................................................................................5

*Kahn v. Gen. Motors Corp.*,
  889 F.2d 1078 (Fed. Cir. 1989).................................................................................2

*Katz v. Lear Siegler, Inc.*,
  909 F.2d 1459 (Fed. Cir. 1990)..........................................................................2, 3, 6

*New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*,
   732 F.2d 452 (5th Cir. 1984) (en banc) .................................................................4, 7

*Sw. Bell Tel., L.P. v. Arthur Collins, Inc.*,
  No. 3:04-cv-00669 (N.D. Tex. Jan. 28, 2005), Dkt. 50 .............................................6

*Team Worldwide Corp. v. Wal-Mart Stores, Inc.*,
  No. 2:17-CV-00235-JRG, 2017 U.S. Dist. LEXIS 201769 (E.D. Tex. 2017)..................4, 6, 7

*Texas v. United States*,
   805 F.3d 653 (5th Cir. 2015) ....................................................................................4

*U.S. Ethernet Innovations, LLC v. Acer, Inc.*,
  No. 6:09-cv-448-JDL, 2010 U.S. Dist. LEXIS 150649 (E.D. Tex. May 10, 2010) .................5

*Wal-Mart Stores, Inc. v. Tex. Alcoholic Bev. Comm'n*,
  834 F.3d 562 (5th Cir. 2016) ....................................................................................6

**OTHER AUTHORITIES**

Fed R. Civ. P. 24..................................................................................... *passim*

Pursuant to Federal Rule of Civil Procedure 24, Movant-Intervenor Ericsson Inc. ("Ericsson") respectfully moves for leave to intervene as a defendant in the above-titled case. As detailed more fully below, Ericsson has demonstrated constitutional standing to intervene and satisfies the requirement for intervention as a matter of law under Federal Rule of Civil Procedure 24(a), and, alternatively, permissive intervention under Rule 24(b).

Furthermore, neither Plaintiff General Access Solutions ("GAS") nor any of the Verizon Defendants (collectively, "Verizon") oppose Ericsson's intervention. Ericsson respectfully requests that the Court grant it leave to intervene and file a responsive pleading in intervention within two business days of its motion being granted.[1]

## I.      INTRODUCTION

Plaintiff GAS sued Ericsson customer Verizon on October 10, 2022, asserting two patents, including U.S. Patent No. 7,230,931 ("'931 Patent"). Dkt. 1. Plaintiff's Complaint specifically identifies Ericsson equipment allegedly deployed in Verizon's network as allegedly infringing the '931 Patent. Dkt. 1, ¶ 49; *see also* Ex. 1, Plaintiff's P.R. 3-1 Disclosures Ex. A, at 7, 8, 13, 33. Ericsson seeks to intervene so that the dispute between Ericsson and GAS may be efficiently disposed of in the pending proceeding. None of the parties to this action oppose Ericsson's motion.

This case presents a justiciable controversy as to Ericsson. Ericsson, as a designer, manufacturer, and seller of certain of the Accused Instrumentalities, has a substantial interest in the litigation and is in the best position to defend infringement claims directed to those products. "It is a simple fact of life that a manufacturer must protect its customers, either as a matter of contract, or good business, or in order to avoid the damaging impact of an adverse ruling against

---

[1] In accordance with Federal Rule of Civil Procedure 24(c), a copy of Ericsson's proposed Answer in Intervention and Counterclaims is attached as Exhibit 2.

1

its products." *Katz v. Lear Siegler, Inc.,* 909 F.2d 1459, 1464 (Fed. Cir. 1990); *see also Chandler & Price Co. v. Brandtjen & Kluge, Inc.,* 296 U.S. 53, 55 (1935) (noting a manufacturer's intervention in infringement action against a customer is "necessary for the protection of its interest"). The Federal Circuit has even gone so far as to say customer suits, such as this one, should yield to suits raising the same claims against the product manufacturer. *See, e.g., Katz,* 909 F.2d at 1464 (upholding stay of patent infringement suit against customers, stating "in reality, the manufacturer is the true defendant in the customer suit"); *Kahn v. Gen. Motors Corp.,* 889 F.2d 1078, 1081 (Fed. Cir. 1989) (explaining the "customer suit exception" exists because a manufacturer has a "presumed greater interest in defending its actions against charges of patent infringement").

As the designer, manufacturer, and distributor of some of the Accused Instrumentalities, Ericsson has a substantial interest in the litigation and is in the best position to defend against GAS's claims regarding that equipment. Ericsson's motion is timely, and no existing party will suffer prejudice if Ericsson intervenes. Moreover, Ericsson's intervention will not result in the case being delayed. Thus, Ericsson respectfully requests the Court's permission to intervene as a matter of right under Federal Rule of Civil Procedure 24(a) or, alternatively, that the Court allow intervention under Rule 24(b).

## II.     STATEMENT OF FACTS

**Plaintiff Accuses Ericsson Equipment Allegedly in Verizon's Network of Infringement.**[2] GAS accuses Verizon of infringing the '931 Patent because of Ericsson equipment allegedly in its network. *See* Dkt. 1, ¶ 49; Ex. 1, Plaintiff's P.R. 3-1 Disclosures Ex. A, at 7, 8, 13,

---

[2] The scope of GAS's infringement allegations also includes certain network equipment from other suppliers. Ericsson lacks information about those other suppliers' network equipment and technology.

33. Ericsson's entry into the case will facilitate discovery related to this equipment. For example, Ericsson's entry into the case will facilitate direct discovery of documents and other tangible evidence related to those Accused Instrumentalities that resides with Ericsson. Ericsson has a substantial interest in protecting its equipment and technology and Ericsson's entry into the case should streamline and simplify this litigation regarding the Ericsson-supplied Accused Instrumentalities.

**This Case Is at an Early Stage in the Litigation**. Currently no activity has occurred in this case that weighs against intervention. GAS filed its Complaint on October 10, 2022. Dkt. 1. Verizon answered on December 16, 2022. Dkt. 22. GAS served its infringement contentions on January 5, 2023. Dkt. 27. The scheduling conference occurred on January 19, 2023, and GAS served its infringement contentions on January 5, 2023. The Court entered a Docket Control Order and Discovery Order on February 10, 2023.  A protective order has not yet been entered.

## III.   ARGUMENT

GAS has accused Ericsson's customer Verizon of infringing the '931 Patent based at least in part on Ericsson equipment allegedly deployed in its network. Dkt. 1, ¶ 49; Ex. 1, Plaintiff's P.R. 3-1 Disclosures Ex. A, at 7, 8, 13, 33. This case thus presents a justiciable controversy as to Ericsson. Ericsson, as the designer, manufacturer, and distributor of the Ericsson Accused Instrumentalities, is in the best position to defend infringement claims against its equipment and technology. "'[I]t is a simple fact of life that a manufacturer must protect its customers, either as a matter of contract, or good business, or in order to avoid the damaging impact of an adverse ruling against its products.'" *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990) (quoting *Codex Corp. v. Milgo Elec. Corp.*, 553 F.2d 735, 737-38 (1st Cir. 1977)).

Ericsson is entitled to intervene as a matter of right under Federal Rule of Civil Procedure 24(a) and permissively under Rule 24(b). Ericsson requests that the Court grant its motion and

permit intervention in this matter. Intervention will allow Ericsson to protect its equipment and technology from a charge of infringement.

### A.    Mandatory Intervention

Federal Rule of Civil Procedure 24(a)(2) provides that:

> On timely motion, the court must permit anyone to intervene who: . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

A proposed intervenor is entitled to mandatory intervention if all of the following elements are satisfied:

> (1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; [and] (4) the applicant's interest must be inadequately represented by the existing parties to the suit.

*Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2015) (*New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 463 (5th Cir. 1984) (en banc)).

Ericsson satisfies each element required for intervention as a matter of right. ***First***, Ericsson's motion is timely, as it has been a little over four months since GAS filed its Complaint, and less than seven weeks since GAS served its infringement contentions accusing Ericsson instrumentalities of allegedly infringing the '931 Patent. *See e.g.*, *Edwards v. City of Houston*, 78 F.3d 983, 1000-01 (5th Cir. 1996) (en banc) (citing Fifth Circuit intervention cases finding that delays as long as five months or more are not unreasonable); *Team Worldwide Corp. v. Wal-Mart Stores, Inc.*, No. 2:17-CV-00235-JRG, 2017 U.S. Dist. LEXIS 201769, at *9 (E.D. Tex. 2017) (finding that a period of four months did not constitute impermissible delay); *Ericsson Inc. v. D-*

*Link Sys., Inc.*, No. 6:10-cv-473 (E.D. Tex. May 4, 2012), Dkt. 205 (granting Intel's partially opposed motion to intervene filed five months after the scheduling conference took place and nearly one year into the case). Furthermore, as GAS is not opposing this motion, there is no allegation that GAS is prejudiced by the timing of Ericsson's motion. However, even if there were such an allegation, there is no basis for finding prejudice as discovery only recently opened and claim construction has not begun. *See Wal-Mart Stores, Inc. v. Tex. Alcoholic Bev. Comm'n*, 834 F.3d 562, 565 (5th Cir. 2016) ("Because the Association sought intervention before discovery progressed and because it did not seek to delay or reconsider phases of the litigation that had already concluded, the Association's motion was timely").

**Second**, Ericsson has a substantial interest in defending its equipment and technology. Based on the allegations in GAS's Complaint and infringement contentions, GAS is accusing Ericsson equipment allegedly provided to Verizon of infringing the '931 Patent. Dkt. 1, ¶ 49; Ex. 1, Plaintiff's P.R. 3-1 Disclosures Ex. A, at 7, 8, 13, 33. Courts routinely recognize that developers, manufacturers, and distributors of accused equipment and technology, such as Ericsson, have a considerable interest in patent litigation against their customers. *See, e.g.*, *U.S. Ethernet Innovations, LLC v. Acer, Inc.*, No. 6:09-cv-448-JDL, 2010 U.S. Dist. LEXIS 150649, at *13 (E.D. Tex. May 10, 2010) (Love, J.) ("[A] manufacturer such as Intel faces the loss of its customer base and reputation as a result of patent infringement allegations." (citation omitted)).

**Third**, Ericsson's interests may be impaired because (1) adverse rulings could impact Ericsson's relationships with its customers; and (2) an adverse judgment could create precedent that could be used against Ericsson and its customers in other proceedings related to Ericsson equipment, software, and technology. *See, e.g.*, *Heaton v. Monogram Credit Card Bank*, 297 F.3d 416, 424 (5th Cir. 2002) (The potential "stare decisis effect of an adverse judgment constitutes a

5

sufficient impairment to compel intervention." (citation omitted)); *Katz*, 909 F.2d at 1464 ("'[I]t is a simple fact of life that a manufacturer must protect its customers, either as a matter of contract, or good business, or in order to avoid the damaging impact of an adverse ruling against its products.'" (citation omitted)); *Team Worldwide Corp.*, 2017 U.S. Dist. LEXIS 201769, at *13 ("[T]he ongoing sale and distribution of [the intervenor's] products is put at risk by [the plaintiff's] allegations of infringement.").

*Finally*, the existing parties are not situated to adequately represent Ericsson's interests. As the designer and manufacturer of equipment and technology at issue in this litigation, Ericsson is uniquely situated to understand and defend its own products. Indeed, as the product designer and keeper of key relevant technical documents, Ericsson is the single most important source of information about its equipment and technology. Thus, Ericsson is capable of presenting a defense in support of its interests that could not be presented by Verizon alone. *See Sw. Bell Tel., L.P. v. Arthur Collins, Inc.*, No. 3:04-cv-00669 (N.D. Tex. Jan. 28, 2005), Dkt. 50 at 5 (finding under the inadequate representation inquiry that "the customer would not be the best source for providing the detailed information about the [intervenor-manufacturer's] products."). Accordingly, Ericsson has met its burden of demonstrating its need to independently defend its own equipment and technology.

### B.    Permissive Intervention

A second, independent basis for granting Ericsson's motion is permissive intervention. Federal Rule of Civil Procedure 24(b) requires only that the prospective intervenor have "a claim or defense that shares with the main action a common question of law or fact," and that the motion for intervention be timely filed. The claims and defenses that Ericsson intends to plead share an abundance of common questions of law and fact with the main action regarding Ericsson Accused Instrumentalities. For instance, Ericsson will raise defenses of noninfringement and invalidity

against the '931 Patent. The determination of validity necessarily involves the resolution of legal and factual issues within the scope of at least 35 U.S.C. §§ 102, 103, and/or 112. Any validity defense raised by Verizon will involve similar legal and factual issues. These overlapping factual issues are sufficient to warrant permissive intervention. *See Team Worldwide Corp.*, 2017 U.S. Dist. LEXIS 201769, at *19-20.

Moreover, as discussed in more detail above, Ericsson's motion is timely and will not unduly delay the proceedings or unduly prejudice the original parties, as evidenced by the fact that neither Verizon nor GAS oppose this motion. Furthermore, intervention in this case promotes both fairness and judicial economy given that Ericsson's equipment and technology is directly at issue in this litigation. As permissive intervention is "wholly discretionary," the lack of prejudice or delay and the promotion of fairness and judicial economy further support granting Ericsson's motion. *New Orleans Pub. Serv.*, 732 F.2d at 470-71.

## IV.    CONCLUSION

For the foregoing reasons, Ericsson respectfully requests that the Court enter an order granting Ericsson leave to intervene, either as a matter of right under Federal Rule of Civil Procedure 24(a) or permissively under Rule 24(b). Ericsson further requests that it be granted leave to file a responsive pleading in intervention within two business days of its motion being granted.

Dated: February 21, 2023

Respectfully submitted,

By: */s/ Douglas M. Kubehl*
Douglas M. Kubehl
State Bar Number 00796909
Email: doug.kubehl@bakerbotts.com
Jeffery Scott Becker
State Bar Number 24069354
Email: jeff.becker@bakerbotts.com
Melissa Leyla Muenks
State Bar Number 24097442
Email: melissa.muenks@bakerbotts.com
**Baker Botts L.L.P.**
2001 Ross Avenue, Suite 900
Dallas, TX 75201
Telephone: (214) 953-6500
Facsimile: (214) 661-6503

**ATTORNEYS FOR
MOVANT-INTERVENOR ERICSSON INC.**

8

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that pursuant to Local Rules CV-7(h) and (i), counsel for Movant-Intervenor Ericsson Inc. Jeff Becker and Melissa Muenks met and conferred with counsel for Defendant Verizon, as well as with counsel for Plaintiff GAS regarding this motion telephonically on January 27, 2023, and continued conferring by email thereafter through February 20, 2023.

Verizon indicated that they do not oppose the relief sought herein.

Plaintiff, General Access, does not oppose Ericsson's Motion to Intervene, based on Ericsson's representation that Ericsson's intervention in this case is limited to defending Verizon from and against claims arising out of or in connection with, in whole or in part, the products, software, or services that Ericsson actually has provided to Verizon.

/s/ *Jeffrey S. Becker*
Jeffrey S. Becker

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this document was filed electronically in compliance with Local Rule CV-5(a) on February 21, 2023.

/s/ *Douglas M. Kubehl*
Douglas M. Kubehl