IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| GENERAL ACCESS SOLUTIONS, LTD., | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 2:22-CV-00394-JRG |
| CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, VERIZON SERVICES CORP., VERIZON BUSINESS GLOBAL LLC, VERIZON BUSINESS NETWORK SERVICES LLC, VERIZON CORPORATE SERVICES GROUP INC., VERIZON DATA SERVICES LLC, and VERIZON ONLINE LLC, | § § § § § § § § § § § | |
| *Defendants*. | § § | |
| ERICSSON, INC., | § § | |
| *Intervenor-Defendant*. | § | |

## ORDER

Before the Court is Defendants Cellco Partnership d/b/a Verizon Wireless, Verizon Services Corp., Verizon Business Global LLC, Verizon Business Network Services LLC, Verizon Corporate Services Group Inc., Verizon Data Services LLC, and Verizon Online LLC's (collectively, "Verizon" or "Defendants") Motion to Stay Pending IPR (the "Motion to Stay"). (Dkt. No. 89.) In the Motion, Defendants asks the Court to stay this case pending final decision in Defendants' petitions for *inter partes* review ("IPR") of the patents in suit. (*Id.* at 1.) Having considered the Motion to Stay, and for the reasons stated herein, the Court finds that the Motion to Stay should be and hereby is **DENIED**.

On October 10, 2022, Plaintiff General Access Solutions, Ltd. ("General Access" or "Plaintiff") filed suit against Defendants alleging infringement of U.S. Patent Nos. 7,230,931 ("the

'931 Patent") and 9,426,794 ("the '794 Patent). (Dkt. No. 1.) On May 26, 2023 and June 28, 2023, Verizon filed IPRs against the '931 and '794 Patents, respectively. (Dkt. No. 89 at 2.) The PTAB instituted IPR for all asserted claims of the '931 Patent on December 14, 2023 and all asserted claims of the '794 Patent on January 9, 2024. (*Id.* at 2-3.) The final written decisions for both IPRs are due by January 9, 2025. (*Id.* at 3.)

The Court conducted a Claim Construction hearing on December 15, 2023. (Dkt. No. 80.) By the time the Motion to Stay was fully briefed, claim construction and fact discovery had been completed and expert discovery was well underway. Trial is scheduled for June 24, 2024.

## I.  LEGAL STANDARD

The district court has the inherent power to control its own docket, including the power to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). How to best manage the court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). "District courts typically consider three factors when determining whether to grant a stay pending *inter partes* review of a patent in suit: (1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *NFC Techs. LLC v. HTC Am., Inc.*, Case No. 2:13-cv-1058-WCB, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015) (Bryson, J.).

## II.  DISCUSSION

### A.  Prejudice

Defendants argue that Plaintiff, a non-practicing entity that waited years to file suit against Defendants, will not suffer any undue prejudice if the Court stays the case. (Dkt. No. 89 at 10.) Defendants contend that Plaintiff makes no products and does not compete with Defendants.

2

Defendants further emphasize that Plaintiff did not move for a preliminary injunction, which contradicts Plaintiff's argument that it cannot wait for a decision on infringement. (*Id.*)

Plaintiff responds that a stay could delay the resolution of this case for years, which would prejudice Plaintiff's timely enforcement of its patent rights. (Dkt. No. 97 at 5.) Plaintiff notes that the PTAB will not issue final written decisions until six months after the scheduled trial date, and that an appeal will likely take over 18 months. (*Id.*) Plaintiff further argues that the sole inventor of the two Asserted Patents could become unavailable after June 2024. (*Id.*) Finally, Plaintiff argues that Defendants advanced different claim constructions in the IPRs and in this litigation and should not be allowed to benefit from that inconsistency. (*Id.* at 6-7.)

In response, Defendants contend that it based its IPR petitions on both the broad constructions advanced by Plaintiff and narrower constructions in line with this Court's claim construction. (Dkt. No. 105 at 2.) According to Defendants, it is Plaintiff who has put forth conflicting positions before the PTAB and this Court. (*Id.* at 5.)

The Court finds that this factor disfavors a stay. As this Court has recognized, a plaintiff has a right to the timely enforcement of its patent rights. *Trover Grp. Inc. v. Dedicated Micros USA*, 2015 WL 1069179, at *2 (E.D. Tex. Mar. 11, 2015). Granting a stay in this case could delay its resolution by more than two years, as the PTAB decision is not due until over six months after jury trial is set to begin. Such a delay would prejudice Plaintiff's ability to vindicate its patent rights. Accordingly, this factor weighs against a stay.

### B. Stage of the Litigation

Defendants argue that as of the filing of the Motion to Stay, fact discovery, expert discovery, and pretrial briefing had not been completed. (Dkt. No. 89 at 9.) Defendants also contend that they have been diligent in filing the IPRs and moving for a stay. (*Id.*)

In response, Plaintiffs point out that Defendants filed its IPRs late—seven and eight months after Plaintiff filed suit. (Dkt. No. 97 at 7.) Plaintiffs argue that the parties have already completed fact discovery and will have served opening expert reports by the time the Motion to Stay is fully briefed. (*Id.*) Plaintiffs also argue that the parties have exchanged over 100,000 documents and taken 20 depositions. (*Id.*)

The stage of the case disfavors a stay. At the time the Motion to Stay was filed, this case had been pending for over a year and three months and the Court had already conducted a Claim Construction hearing. Jury selection was a mere five months away. (Dkt. No. 55.) By the time the Motion was fully briefed, the parties had exchanged thousands of documents, taken numerous depositions, and served opening expert reports. As Plaintiff notes, the deadline for the PTAB's final written decision is six months after trial is set to begin in this case. (Dkt. No. 97 at 1.) Given the substantial amount of work and financial resources that the Court and the parties have devoted to this case, and given the proximity to the trial date, the Court finds that this factor weighs against a stay.

C.     **Likelihood of Simplification of the Issues**

Defendants argue that institution on multiple grounds on all asserted claims may simplify the issues in this case by eliminating them. (Dkt. No. 89 at 4.) Defendants further argue that cancellation of even some of the claims would reduce the number of issues remaining in this case. (*Id.* at 8.) Finally, Defendants note that even claims that are not cancelled are likely to be narrowed by Plaintiff's arguments in the IPRs. (*Id.* at 8-9.)

Plaintiff argues that the resolution of the IPRs will not resolve the entirety of the case because Defendants are pursuing invalidity grounds that will not be resolved by the IPRs. (Dkt. No. 97 at 10-11.) Plaintiff also argues that Defendants signed a *Sotera* stipulation, which removes from this case any invalidity grounds that were raised or could reasonably have been raised in the

4

IPR.  (*Id.* at 10.)  Plaintiff further argues that the mere fact that Defendants' IPRs have been instituted does not mean that Defendants will succeed in invalidating all or even any of the asserted claims.  (*Id.* at 11.)

While the Court acknowledges that there is a possibility that resolution of the IPRs could simplify the issues of this case, that is not a certainty.  The only scenario in which the IPRs dispose of the entire case is if the PTAB invalidates all claims of both Asserted Patents and the Federal Circuit affirms all these decisions on appeal.  On balance, the Court finds that the prejudice to Plaintiff and the advanced stage of this litigation outweigh the likelihood of simplification of the issues.

## II.  CONCLUSION

Having weighed all the factors relevant to whether a stay pending IPR is warranted, the Court finds that the balance of those factors weighs against granting a stay.  Accordingly, the Court finds that the Motion to Stay should be and hereby is **DENIED**.

**So Ordered this**

**May 22, 2024**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

5