# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| GENERAL ACCESS SOLUTIONS, LTD., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:22-CV-00394-JRG |
| | § | |
| CELLCO PARTNERSHIP D/B/A | § | |
| VERIZON WIRELESS, *et al.*, | § | |
| | § | |
| *Defendants*, | § | |
| | § | |
| ERICSSON, INC., | § | |
| | § | |
| *Intervenor-Defendant*. | § | |

## ORDER ON PRETRIAL MOTIONS, MOTIONS *IN LIMINE*, AND EXHIBITS

The Court held a Pretrial Conference in the above-captioned matter on Tuesday, May 28, 2024 and Wednesday, May 29, 2024 regarding pending pretrial motions and motions *in limine* ("MILs") filed by Plaintiff General Access Solutions, Ltd. ("General Access" or "Plaintiff"), Defendants Cellco Partnership d/b/a Verizon Wireless, *et al.*, and Intervenor-Defendant Ericsson, Inc. (collectively, "Verizon" or "Defendants") (together, with Plaintiff, the "Parties"). (Dkt. Nos. 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 193, 194.) This Order memorializes the Court's rulings on the aforementioned pretrial motions and MILs as announced from the bench and into the record, including additional instructions that were given to the Parties. While this Order summarizes the Court's rulings as announced into the record during the pretrial hearing, this Order in no way limits or constrains such rulings from the bench. Accordingly, it is hereby **ORDERED** as follows:

**PRETRIAL MOTIONS**

1.  **Motion to Strike the Opinions of Dr. Vijay Madisetti (Dkt. No. 130)**

The motion was **DENIED**. With respect to Dr. Madisetti's throughput analysis, the Court permitted Dr. Madisetti to amend his report within the next ten (10) days to include a direct comparison between the Sprint 4G LTE functionality and the asserted claims. Dr. Andrews is permitted to supplement his report within three (3) days of the service of Dr. Madisetti's amended report. Within seven (7) days of the service of Dr. Madisetti's amended report, Defendants are permitted to take a 2.5-hour deposition of Dr. Madisetti, and Plaintiff is permitted to take a 2.5-hour deposition of Dr. Andrews.

The Court **DENIED** the motion with respect to Dr. Madisetti's opinions on apportionment and his alleged violations of the Court's MILs. The Court found that the remaining issues in the motion rose and fell with Dkt. Nos. 135 and 131.

2.  **Motion for Partial Summary Judgment of Non-Infringement Under the Doctrine of Equivalents (Dkt. No. 135)**

The motion was **GRANTED-IN-PART** and **DENIED-IN-PART**. First, the Court **GRANTED** the motion with respect to Dr. Madisetti's doctrine of equivalents analysis for claim limitation 1(b) of the '931 patent and struck ¶ 206 and any reference to the doctrine of equivalents in ¶¶ 145 and 180. The Court found that Dr. Madisetti did not compare the accused beam sweeping and wide beam implementation functionalities using the language of the claims. Second, the Court **DENIED** the motion with respect to Dr. Madisetti's doctrine of equivalents analysis for Defendants' alleged NIA, time-shift SSB. The Court found that Defendants are not entitled to summary judgment of non-infringement on time-shift SSB, which is not an accused functionality.

**3.     Motion for Summary Judgment of Judicial Estoppel and Collateral Estoppel (Dkt. No. 131)**

The motion was **DENIED**.  However, the Court ordered that the parties may not mention the PTAB or any IPR proceeding during trial.  The Court further ordered that the parties may not discuss the invalidation of claims 1 and 19 of the '931 patent before the presentation of the damages case.  The Court permitted the parties to tell the jury that claims 1 and 19 have not been asserted and are now within the public domain, and that the jury is to focus on the remaining elements of the two dependent claims with regard to damages.

**4.     Motion to Strike the Opinions of David Kennedy (Dkt. No. 129)**

The motion was **DENIED**.  The Court found that Defendants did not raise any issues in Mr. Kennedy's report that warrant exclusion.

**5.     Motion for Partial Summary Judgment of Non-Infringement and Invalidity of the '794 Patent (Dkt. No. 133)**

The motion was **DENIED**.  The Court found that Defendants have not shown clear and unmistakable disavowal of claim scope and accordingly that there are genuine issues of material fact as to non-infringement and invalidity.

**6.     Motion for Partial Summary Judgment of Invalidity of U.S. Patent No. 9,426,794 for Lack of Written Description (Dkt. No. 132)**

The motion was **DENIED**.  The Court found that the portions of the specification raised by Plaintiff are sufficient to create a genuine dispute of material fact that precludes summary judgment.

**7.     Motion for Partial Summary Judgment of Invalidity of U.S. Patent No. 7,230,931 for Lack of Written Description (Dkt. No. 127)**

The motion was **DENIED**.  The Court found that the disclosures in the specification are sufficient to create a genuine dispute of material fact that precludes summary judgment.

**8.     Motion to Strike Portions of Dr. Andrews's Reports (Dkt. No. 128)**

The motion was **DENIED**. However, the Court ordered that Defendants must seek leave before Dr. Andrews testifies about matters concerning the IPR proceeding or post-issuance prosecution history.

The Court found that the remaining issues in the motion rose and fell with Dkt. Nos. 126 and 134. Accordingly, in keeping with the Court's rulings on Dkt. Nos. 135 and 131, the remaining issues in the motion are **DENIED**.

**9.     Motion to Preclude Expert Testimony by John Grabner and Mark Goode (Dkt. No. 125)**

The motion was **DENIED**. However, the Court ordered that Mr. Grabner and Mr. Goode are to testify only about factual matters within their personal knowledge.

**10.    Motion to Strike Ericsson's "Simulation Study" Pursuant to Rule 37(c) (Dkt. No. 126)**

The motion was **DENIED**. However, the Court ordered that with regard to the Ericsson Simulation Study, Mr. Faxer is to testify only about factual matters within his personal knowledge.

**11.    Motion to Strike Portions of Mr. Bakewell's Rebuttal Report (Dkt. No. 134)**

The motion was **DENIED**. The Court found that Plaintiff did not raise any issues in Mr. Bakewell's report that warrant exclusion.

# MOTIONS *IN LIMINE*

Further to the Court's Standing Order on Motions *In Limine* issued August 11, 2023, it is **ORDERED** that the Parties, their witnesses, and counsel shall not raise, discuss, or argue the following before the venire panel or the jury without prior leave of the Court:

**I.    DEFENDANTS' MOTIONS *IN LIMINE* (Dkt. No. 193)**

Defendants' MIL 1   **No argument, testimony, or evidence regarding damages-skewing numbers, including overall revenue or cost information of any party, spectrum purchases, or third-party financial information.**

The MIL was **GRANTED-IN-PART** and **DENIED-IN-PART**. The MIL was **GRANTED** as to overall revenue of any party. The MIL was **DENIED** as to the Nortal patent acquisition and Verizon's spectrum purchases.

Defendants' MIL 2   **No reference to mediation (including any statements made in connection with any mediation in this or any other case), alleged correspondence between General Access or its agents and Defendants, or any alleged pre-suit knowledge.**

The MIL was **DENIED**. However, the parties shall not discuss communications that took place during any mediation efforts.

Defendants' MIL 3   **No argument, testimony, or evidence that the asserted patents have been licensed, including the Sprint license or settlement or any reference to the Sprint litigation, provided Defendants do not make a false statement that the asserted patents have never been licensed.**

The MIL was **DENIED** as duplicative of the Court's MIL No. 13.

Defendants' MIL 4   **No reference or suggestion that non-accused products or technologies also infringe or practice the asserted claims, or Plaintiff's lawsuits against other defendants.**

The MIL was **DENIED**. However, the Court found that the parties shall not reference the *Sprint* litigation or engage in improper comparisons between the accused products and any non-accused products.

Defendants' MIL 5     **No argument or suggestion that challenging the validity of a patent bears in any way on whether the asserted claims are infringed, that references Defendants' defenses as "excuses," or that the delay in implementing the SSB Time Shift NIA after filing of the lawsuit was because the feature was technically infeasible or undesirable.**

The MIL was **DENIED**. The Court found that using the word "excuses" and other similar arguments before the jury is not pejorative. In addition, the Court found that whether a NIA should properly be considered turns on whether it was available at the time of the hypothetical negotiation.

## II.     PLAINTIFF'S MOTIONS *IN LIMINE* (Dkt. No. 194)

Plaintiff's MIL 1     **No evidence, testimony, or argument regarding IPRs, including that Claims 1 and 19 have been determined or admitted to be known, conventional, or in the prior art.**

The MIL was **GRANTED-IN-PART** and **DENIED-IN-PART**. The MIL was **GRANTED** as to the IPR review process and any post-issuance matters. The MIL was **DENIED** as to the invalidity of claims 1 and 19. Consistent with the Court's ruling on Dkt. No. 131, the Court permits the parties to tell the jury that claims 1 and 19 are within the public domain only with respect to the damages issue.

Plaintiff's MIL 2     **No evidence, testimony, or argument that General Access, Raze, or their principals did not treat fairly or failed to pay any creditors, lawyers, employees, or brokers.**

The MIL was **GRANTED.** The Court found to be highly prejudicial arguments concerning whether General Access, Raze, or their principals treated fairly or failed to pay their creditors, lawyers, employees, or brokers.

Plaintiff's MIL 3     **No evidence, testimony, or argument of irrelevant and unfairly prejudicial information regarding the value of General Access's intellectual property.**

The MIL was **DENIED**. The Court noted that Plaintiff's motion was vague and that the Court's standard MILs continue to apply.

<u>Plaintiff's MIL 4</u>     **No evidence, testimony, or argument that the "SSB Time-Shift" feature is implemented in Verizon's accused 5G TDD network.**

The MIL was **DENIED**. The Court found that this was an issue that should have been lodged as a *Daubert* Motion.

<u>Plaintiff's MIL 5</u>     **No evidence, testimony, or argument of irrelevant, confusing, and unfairly prejudicial information regarding the prosecution of the '931 patent.**

The MIL was **GRANTED**. However, the Court held that Defendants may introduce prosecution history that does not involve privileged communications or testimony or evidence from other lawsuits.

## EXHIBIT DISPUTES

The Court ruled on Plaintiff's objections to Defendants' exhibit list. In light of the Court's rulings, the exhibit lists filed in conjunction with the Joint Pretrial Order are now out of date. Accordingly, the Parties are **ORDERED** to file updated exhibit lists within ten (10) days from the issuance of this Order.

**So Ordered this**

**Jun 3, 2024**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE